IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-318-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DEMETRIUS DONELL MCNEILL, ) | |
| ) | |
| Defendant. ) | |

On April 23, 2020, the court denied Demetrius Donell McNeill's ("McNeill") motion for compassionate release and refused to alter his 144-month sentence [D.E. 68]. On June 30, 2020, McNeill sought compassionate release under 18 U.S.C. § 3582 due to COVID-19 [D.E. 69, 70, 71, 72, 73]. On July 9, 2020, the government responded in opposition, and filed exhibits [D.E. 74, 75]. On July 21, 2020, McNeill replied [D.E. 78]. On August 14 and September 14, 2020, McNeill supplemented his section 3582 motion [D.E. 80, 81, 82]. As explained below, the court denies McNeill's motion for release.

I.

On July 11, 2016, pursuant to a written plea agreement, McNeill pleaded guilty to possession with the intent to distribute 500 grams or more of cocaine, a quantity of cocaine base (crack), and a quantity of marijuana (count one), and possession of a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 41, 42]. On November 14, 2016, the court held McNeill's sentencing hearing. See [D.E. 51, 52]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated McNeill's advisory guideline range to be 121 to 151 months' imprisonment based on a total offense level 29

and a criminal history category IV. See PSR [D.E. 47] ¶¶ 69–71; [D.E. 52]. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McNeill to 84 months' imprisonment on count one and 60 months' consecutive imprisonment on count three, yielding a total of 144 months' imprisonment. See [D.E. 51, 52]. McNeill did not appeal.

On April 5, 2019, McNeill moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). See [DE 60]. On April 23, 2020, the court denied the motion. See [D.E. 68]. On June 30, 2020, McNeill again moved for compassionate release. See [DE 69]. McNeill has tested negative for COVID-19. [D.E. 78-5]. Nonetheless, in seeking release, he cites COVID-19 at the Butner Prison Complex and his type 2 diabetes, high cholesterol, BMI index, high blood pressure, kidney problems, and race. See [D.E. 69, 70, 71, 72, 73].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. 5194, 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and

must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

       (I) suffering from a serious physical or medical condition,

       (II) suffering from a serious functional or cognitive impairment, or

       (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

3582(c)(1)(A). See, e.g., United States v. McCoy, No. 20-6821, 2020 WL 7050097, at *6–10 (4th Cir. Dec. 2, 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(I). See, e.g., id. at *9. In doing so, the court may consult U.S.S.G. § 1B1.13, but independently assesses the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. Id.; United States v. Jones, No. 20-3071, 2020 WL 6817488, at *1–2 (6th Cir. Nov. 20, 2020); United States v. Gunn, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

The court assumes without deciding that McNeill has exhausted all administrative remedies, or alternatively that the warden received McNeill's compassionate release request and 30 days have elapsed from receipt. See 18 U.S.C. § 3582(c)(1)(A); cf. [D.E. 69] 1; [D.E. 80].[2] As for the medical condition of the defendant policy statement, McNeill has not stated that he suffers from any medical condition from which he is not going to recover. Accordingly, releasing McNeill or reducing McNeill's sentence is not consistent with application note 1(A). See U.S.S.G. § 1B1.13 cmt. n.1(A).

As for the "other reasons" policy statement, McNeill is age 45 and the court assumes without deciding that COVID-19 plus his alleged health conditions are extraordinary and compelling reasons consistent with application note 1(D). However, the 18 U.S.C. § 3553(a) factors counsel against

---

[2] The United States Court of Appeals for the Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and the government must "properly invoke" the rule for this court to enforce it. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).

5

reducing McNeill's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. McNeill engaged in serious criminal conduct, was responsible for trafficking 4.3 kilograms of cocaine, 255 grams of cocaine base (crack), and 47.1 grams of marijuana, and possessed two stolen firearms in conjunction with his drug trafficking. See PSR [D.E. 47] ¶¶ 1–13. McNeill possessed one of the two stolen guns in furtherance of his drug trafficking and maintained a premise for his drug trafficking. See id. at ¶ 13. McNeill also has a serious criminal record and is a recidivist's recidivist. See id. at ¶¶ 18–35. His convictions include possession with intent to manufacture, sell, and deliver cocaine (four counts); resisting or obstructing a public officer; maintaining a vehicle, dwelling, or place for controlled substances; possession of cocaine; simple assault; trafficking in cocaine by transportation; trafficking in cocaine by possession; and possession with intent to manufacture sell, and deliver marijuana (two counts). See id. Nonetheless, McNeill has taken some positive steps while incarcerated. See [D.E. 81-1]; cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat McNeill, the section 3553(a) factors, McNeill's arguments, and the need to punish McNeill for his criminal behavior, to incapacitate McNeill, to promote respect for the law, to deter others, and to protect society, the court declines to grant McNeill's motion to be released. See, e.g., Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES McNeill's section 3582 motion [D.E. 69]. The clerk shall close the case.

SO ORDERED. This 8 day of December 2020.

                                                        JAMES C. DEVER III
                                                       United States District Judge