IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-318-D
No. 5:23-CV-274-D

| | |
|---|---|
| DEMETRIOS DONELL MCNEILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 17, 2023, Demetrios Donell McNeill ("McNeill" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 144-month sentence [D.E. 132, 133, 138]. On August 4, 2023, the government moved to dismiss [D.E. 141] and filed a memorandum in support [D.E. 142]. On August 7, 2023, the court notified McNeill of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 143]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On August 31, 2023, McNeill responded in opposition [D.E. 144]. As explained below, the court grants the government's motion to dismiss and dismisses McNeill's motion to vacate.

I.

On July 11, 2016, pursuant to a written plea agreement, McNeill pleaded guilty to possession with the intent to distribute 500 grams or more of cocaine, a quantity of cocaine base (crack), and a quantity of marijuana (count one), and possession of a firearm in furtherance of a drug trafficking crime (count three). See [D.E. 41, 42]. On November 14, 2016, the court held McNeill's sentencing hearing. See [D.E. 51, 52]. The court calculated McNeill's total offense level to be 29, his criminal

history category to be IV, and his advisory guideline range to be 121 to 151 months' imprisonment. See PSR [D.E. 47] ¶¶ 69–71; [D.E. 53]. The court sentenced McNeill to 84 months' imprisonment on count one and 60 months' consecutive imprisonment on count three, yielding a total of 144 months' imprisonment. See [D.E. 51, 52]. McNeill did not appeal.

On April 5, 2019, McNeill moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). See [D.E. 60]. On April 23, 2020, the court denied the motion. See [D.E. 68]. On June 30, 2020, McNeill moved for a sentence reduction or compassionate release. See [D.E. 69]. On December 8, 2020, the court denied the motion. See [D.E. 89]. On January 18, 2021, McNeill moved again for compassionate release. See [D.E. 90]. On March 30, 2021, the court denied the motion. See [D.E. 98]. On April 9, 2021, McNeill appealed. See [D.E. 99]. On November 22, 2021, the Fourth Circuit affirmed the denial of McNeill's motion for compassionate release. See [D.E. 98, 105, 106].

On October 7, 2021, McNeill moved yet again for compassionate release. See [D.E. 102]. On November 12, 2021, the court denied the motion. See [D.E. 104]. On November 29, 2021, McNeill appealed. See [D.E. 104, 107]. On January 18, 2022, McNeill filed an emergency motion for reconsideration. See [D.E. 104, 112]. On March 2, 2022, the court denied the emergency motion. See [D.E. 114]. On March 14, 2022, McNeill appealed. See [D.E. 114, 115]. On May 23, 2022, the Fourth Circuit affirmed the denial of McNeill's motions. See [D.E. 107, 115, 119, 120].

On August 10, 2022, McNeill filed another motion for compassionate release. See [D.E. 122, 123]. On October 3, 2022, McNeill filed a motion for appointment of counsel. See [D.E. 124]. On October 11, 2022, the court denied those motions. See [D.E. 125]. On October 20, 2022, McNeill appealed. See [D.E 126]. On May 22, 2023, the Fourth Circuit affirmed. See [D.E. 130, 131].

2

On May 17, 2023, McNeill moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 144-month sentence. See [D.E. 132, 133, 138]. In McNeill's motion, he argues: (1) 18 U.S.C. § 924(c)(1)(A) is overly broad and violates the Second Amendment; (2) his conduct was protected by the Second Amendment; (3) 18 U.S.C. § 924(c)(1)(A) is unconstitutional; (4) 18 U.S.C. § 924(c)(1)(A) conflicts with the historical tradition of firearm regulation and is therefore unconstitutional under New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022); (5) his conviction resulted from a search violating the Fourth Amendment; and (6) his counsel was ineffective by failing to negotiate a conditional plea agreement. See [D.E. 132] 4–8; [D.E. 133] 3–21; [D.E. 138]. The government moves to dismiss McNeill's motion for failure to state a claim upon which relief can be granted. See [D.E. 141].

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

McNeill's motion is untimely. Section 2255(f) contains a one-year statute of limitations. See 28 U.S.C. § 2255(f). Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). As for section 2255(f)(1), McNeill's conviction became final on December 12, 2016, 14 days after this court entered judgment on November 28, 2016. See Clay v. United States, 537 U.S. 522, 525 (2003). Therefore, McNeill had until December 12, 2017, to timely file his section 2255 motion. McNeill, however, did not file his motion to vacate until May 17, 2023. See [D.E. 132]; Houston v. Lack, 487 U.S. 266, 275–76 (1988).

Alternatively, if McNeill asks this court to consider his Bruen claims under section 2255(f)(3), his claims remain untimely. Even after Bruen, the Second Amendment does not protect

4

McNeill's conduct in this case. See Bruen, 142 S. Ct. 2111 at 2122, 2131, 2156; see, e.g., United States v. Burgess, 22-1110/22-1112, 2023 WL 179886, at *5 (6th Cir. 2023); In re Terry, No. 22-13615-C, 2022 WL 20033240, at *2 (11th Cir. Nov. 14, 2022); United States v. Snead, 647 F. Supp. 3d 475, 480 (W.D. Va. 2022); United States v. Ingram, 623 F. Supp. 3d. 660, 662–63 (D.S.C. Aug. 25, 2022). Similarly, Taylor only applies to 18 U.S.C. § 924(c)(3)(A). See United States v. Taylor, 142 S. Ct. 2015, 2018–19 (2022). Thus, section 2255(f)(3) does not help McNeill. Accordingly, the court dismisses as untimely McNeill's section 2255 motion.

Alternatively, even if McNeill's section 2255 motion was timely, it fails. A prisoner generally cannot use section 2255 to raise claims he did not raise on direct appeal. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). In order to avoid such procedural default, a prisoner must plausibly allege "actual innocence" or "cause and prejudice" resulting from an alleged sentencing error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).

McNeill did not appeal his conviction. Thus, McNeill failed to raise his first, second, third, and fourth claims on appeal. McNeill does not allege that he is actually innocent of the crimes for which he pleaded guilty, but rather he argues that the section 924 violates the Second Amendment or the Fifth Amendment. See [D.E. 132] 4–8. McNeill's claims were available before the Supreme Court decided Bruen and Taylor. See, e.g., Smith v. Murray, 477 U.S. 527, 537 (1986); Reed v.

5

Ross, 468 U.S. 1, 16 (1984). Thus, McNeill procedurally defaulted these claims. Accordingly, McNeill's first, second, third, and fourth claims fail.

McNeill also failed to raise his fifth claim on appeal. McNeill does not allege that he is actually innocent of the crimes and simply attaches his original motion to suppress. See [D.E. 138] 1; [D.E. 138-1]. Thus, McNeill procedurally defaulted this claim. Accordingly, McNeill's fifth claim fails.

As for McNeill's ineffective assistance of counsel claim, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, McNeill must show that his attorney's performance fell below an objective standard of reasonableness, and he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

6

effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In McNeill's sixth claim, he alleges his counsel was ineffective by not prevailing on the motion to suppress or negotiating a conditional guilty plea so that he could appeal the court's denial of his motion to suppress. See [D.E. 138] 1. When a petitioner claims ineffective assistance of counsel based on counsel's motion to suppress, Strickland requires petitioner to show that the motion was meritorious and a reasonable probability that granting the motion would have affected the outcome of his trial. See, e.g., Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Grueninger v. Dir., Va. Dep't of Corr., 813 F.3d 517, 524–25 (4th Cir. 2016); Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). But McNeill fails to plausibly allege that the motion to suppress was meritorious or that counsel's performance fell below an objective standard of reasonableness. See Kimmelman, 477 U.S. at 375; Strickland, 466 U.S. at 687–88. The Sixth Amendment does not require counsel to make all non-frivolous arguments or to investigate "every conceivable line of mitigating evidence no matter how unlikely the effort would be to" succeed. Wiggins v. Smith, 539 U.S. 510, 533

7

(2003); see Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Furthermore, counsel had no ability to force the United States to enter a conditional plea or force the court to accept one. See Fed. R. Crim. P. 11(a)(2); Weatherford v. Bursey, 429 U.S. 545, 561 (1977) (government under no obligation to make a plea offer).

Alternatively, McNeill fails to plausibly allege that there is a "reasonable probability" that, but for his counsel's deficiency, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. McNeill fails to plausibly allege he would have prevailed on appeal on the motion to suppress or that the result would have been different. Thus, McNeill has failed to plausibly allege that he was prejudiced by counsel's allegedly deficient performance. See Strickland, 466 U.S. at 691–92. Accordingly, McNeill's sixth claim fails. See Strickland, 466 U.S. at 687–96.

After reviewing the claims presented in McNeill's motion, the court finds that reasonable jurists would not find the court's treatment of McNeill's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 141], DISMISSES petitioner's motion to vacate [D.E. 132], and DENIES a certificate of appealability.

SO ORDERED. This 24 day of October, 2023.

JAMES C. DEVER III
United States District Judge